# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PSN ILLINOIS, LLC, an Illinois corporation, | ) Civil Action No. 1:08-CV-3742 |
| | ) |
| Plaintiff, | ) Judge Rebecca R. Pallmeyer |
| | ) |
| v. | ) Magistrate Judge Maria Valdez |
| | ) |
| SIGMA-ALDRICH CORP., EMD CHEMICALS INC., VWR INTERNATIONAL LLC, ORBIGEN, INC., AXXORA LIFE SCIENCES, INC., CAYMAN CHEMICAL COMPANY, INC., ORIGENE TECHNOLOGIES, INC., SUPERARRAY BIOSCIENCE CORP., TOCRIS BIOSCIENCE and MILLIPORE CORP., | ) **ANSWER AND COUNTERCLAIMS OF MILLIPORE CORPORATION TO THE AMENDED COMPLAINT** |
| | ) |
| | ) **JURY DEMAND** |
| | ) |
| Defendants. | ) |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant, Millipore Corporation. ("Millipore"), answers Plaintiff's Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

## FIRST DEFENSE
### (GENERAL DENIAL)

Except as hereafter expressly admitted, each and every allegation of the Amended Complaint is denied.

1.    Plaintiff, PSN Illinois, LLC. ("PSN"), complains of defendants ("Defendants") as follows:

<u>RESPONSE</u>:    The allegations made in Paragraph 1 constitute Plaintiff's introduction of the Amended Complaint, and accordingly, require no response.  To the extent a response is required to the allegations made, the defendant, Millipore, denies the allegations of Paragraph 1.

1

2.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

RESPONSE:      The defendant, Millipore, admits that Plaintiff seeks relief under the patent

laws of the United States, Title 35 of the United States Code, but denies that Plaintiff has any

right to relief against Millipore under the patent laws or any other rule of law.

3.      PSN is an Illinois corporation with a place of business at 280 W. Adams Street, Chicago, Illinois 60604. PSN is the assignee of, and owns all rights, title and interest in and to, and has standing to sue for past, present and future infringement of: United States Patent No. 5,856,443, entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors," issued on Jan. 5, 1999 ("the '443 patent") (Exhibit A); and United States Patent No. 6,518,414B1, entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors," issued on Feb. 11, 2003 ("the '414 patent") (Exhibit B) (collectively "PSN's Patents").

RESPONSE:      The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 3, and thereby denies same.

4.      Defendant Sigma-Aldrich Corp. (Sigma) is a company incorporated in Delaware with a principal place of business at 3050 Spruce Street, St. Louis, MO 63103. Sigma transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

RESPONSE:      The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 4, and thereby denies same.

5.      Defendant EMD Chemicals. Inc. (aka EMD Biosciences Inc.) is a company incorporated in New York with principal places of business at 480 S. Democrat Road, Gibbstown, NJ 08027. EMD transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

RESPONSE:      The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 5, and thereby denies same.

6.      Defendant VWR International LLC (VWR) is a company incorporated in Delaware with its principal place of business at 1310 Goshen Parkway, West Chester, PA 193850. VWR transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

RESPONSE:        The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 6, and thereby denies same.

7.        Defendant, Orbigen, Inc. (Orbigen) is a company incorporated in California with its principal place of business at 6827 Nancy Ridge Drive, San Diego, CA 92121. Orbigen transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

RESPONSE:        The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 7, and thereby denies same.

8.        Defendant, Axxora Life Sciences, Inc. (Axxora) is a company incorporated in Delaware with its principal place of business at 6181 Cornerstone Court East, Suite 103, San Diego, CA 92121. Axxora transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

RESPONSE:        The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 8, and thereby denies same.

9.        Defendant, Cayman Chemical Company Inc. (Cayman) is a company incorporated in Colorado with its principal place of business at 1180 E. Ellsworth Rd., Ann Arbor, MI 48108. Cayman transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

RESPONSE:        The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 9, and thereby denies same.

10.        Defendant, Origene Technologies, Inc. (Origene) is a company incorporated in Delaware with its principal place of business at 6 Taft Court, Suite 300, Rockville, MD 20850. Origene transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

RESPONSE:        The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 10, and thereby denies same.

11.        Defendant, Superarray Bioscience Corporation (Superarray) is a company incorporated in Delaware with its principal place of business at 15 Wormans Mill Court, Suite 101, Frederick MD 21701. Superarray transacts business and has sold to customers and/or offered for sale, in

this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

R<small>ESPONSE</small>:     The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 11, and thereby denies same.

12.     Defendant, Tocris Bioscience (Tocris) is a company incorporated in Delaware with its principal place of business at 16144 Westwoods Business Park, Ellisville, MO 63021. Tocris transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

R<small>ESPONSE</small>:     The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 12, and thereby denies same.

13.     Defendant, Millipore Corporation (Millipore) is a company incorporated in Massachusetts with its principal place of business at 290 Concord Rd. Billerica, MA 01821. Millipore transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

R<small>ESPONSE</small>:     The defendant, Millipore, admits Millipore Corporation is incorporated in

Massachusetts and has a principal place of business at 290 Concord Rd., Billerica, MA 01821.

Millipore admits it transacts business in this judicial district, and has sold and/or offered for sale

products and services that the Plaintiff accuses of infringing claims of one or more of the PSN's

Patents.  Millipore denies the remainder of the allegations.

14.     This Court has exclusive jurisdiction over the subject matter of the Amended Complaint under 28 U.S.C. §§ 1331 and 1338(a).

R<small>ESPONSE</small>:     The defendant, Millipore, admits the allegations of Paragraph 14 of the

Amended Complaint.

15.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

R<small>ESPONSE</small>:     The defendant, Millipore, admits the allegations of Paragraph 15 of the

Amended Complaint to the extent directed at Millipore.  To the extent the allegations are

directed to parties other than Millipore, Millipore is without knowledge or information sufficient

to form a belief as to the truth thereof, and thereby denies same.

16.    Defendant Sigma has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of H218 products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including the following products:

    i.    S1P2 C-Terminal Blocking Peptide (Catalog # E8028);

    ii.    Anti-S1P2, C-Terminal antibody produced in rabbit (Catalog # E7278);

    iii.    Monoclonal Anti-S1P2, C-Terminal antibody produced in mouse (Catalog # E4767); and

    iv.    Monoclonal Anti-S1P2, N-Terminal antibody produced in mouse (Catalog # E4892).

    RESPONSE:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 16, and thereby denies same.

17.    Defendant EMD has infringed claims of at least the'443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of H218 products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including the following: Anti-EDG 5 (Ab-1) Mouse mAb (Catalog # GR44).

    RESPONSE:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 17, and thereby denies same.

18.    Defendant VWR has infringed claims of at least the'443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of H218 products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including the following: S1P2 Receptor Antagonist (Catalog # 80017-352).

    RESPONSE:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 18, and thereby denies same.

19.    Defendant Orbigen has infringed claims of at least the'443 and '414 patents through, among other activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including these products:

    i.      Rabbit Endothelial differentiation sphingolipid G-protein-coupled receptor 5 (EDG5) polyclonal antibody (Catalog # PAB-10630); and

    ii.     Chicken Endothelial differentiation sphingolipid G-proteincoupled receptor 5 (EDG5) polyclonal antibody (Catalog # PAB-U0005).

    <u>RESPONSE</u>:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 19, and thereby denies same.

20.    Defendant Cayman has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including the following: JTE-013 (Catalog # 10009458).

    <u>RESPONSE</u>:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 20, and thereby denies same.

21.    Defendant Axxora has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including at least the following product corresponding to Cayman catalog: JTE-013 (Catalog # CAY-1009458).

    <u>RESPONSE</u>:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 21, and thereby denies same.

22.    Defendant Origene has infringed claims of at least the'443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including these products:

    i.      Homo sapiens endothelial differentiation, sphingolipid G-protein coupled receptor, 5 (EDG5) as 10ug transfection ready DNA NM_004230.2 (Catalog # SC117485);

    ii.     HuSH 29mer shRNA Constructs against EDG5 Locus ID = 9294 (Catalog # TR313297);

    iii.    ORF Clone of Homo sapiens endothelial differentiation, sphingolipid G-protein-coupled receptor, 5 (EDG5) as 10 ug transfection ready DNA NM_004230.2 (Catalog # RC210163); and

    iv.    shRNA constructs against Mus musculus Edg5 Locus ID = 14739 (Catalog # TR513284).

RESPONSE:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 22, and thereby denies same.

23.    Defendant Superarray has infringed claims of at least the'443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including these products:

    i.    Human G-Protein-Coupled Receptor Signaling PathwayFinder™ (Catalog # PAHS-071);

    ii.    RT2 PCR Primer Set for Mouse EDG 5: Endothelial differentiation, sphingolipid G-protein coupled receptor, 5 (Catalog # PPM05309A);

    iii.    Oglio GE Array Human G-Protein-Coupled Receptor Signaling PathwayFinder™ (Catalog # OHS-071 and EHS-071); and

    iv.    SureSilencing shRNA Plasmid for Human EDG5: Endothelial differentiation, sphingolipid G-protein coupled receptor, 5 (Catalog # KHO2350G for the GFP marker or KH02350N for the Neomycin resistance marker).

RESPONSE:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 23, and thereby denies same.

24.    Defendant Tocris has infringed claims of at least the'443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of H218 products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including at least the following product: S1P receptor antagonist, highly selective for S1P2 (EDG-5) (Catalog # 2392 JTE-013).

RESPONSE:    The defendant, Millipore, is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 24, and thereby denies same.

25.    Defendant Millipore has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") that fall within the scope of claims of these patents, including these products and services:

    i.    EDG5 AdenoSilence™ RNAi Virus Human (Catalog # GAL 10065-V7);

    ii.    EDG5 AdenoSilence™ RNAi Virus Human (Catalog # GAL 10065-V6);

    iii.    EDG5 AdenoSilence™ RNAi Virus Human (Catalog # GAL 10065-V5);

    iv.    EDG5 AdenoSilence™ RNAi Kit Human (Catalog # GAL 10065);

    v.    ChemiSCREEN™ S1P2 Calcium-Optimized FLIPR Cell Lines (Catalog # HTS078C);

vi.    ChemiSCREEN™ Human Recombinant S1P2 Lysophospholipid Receptor Calcium Optimized Ready to Assay™ (Catalog # HTS078F);

vii.   ChemiSCREEN™ Human Recombinant S1P2 Lysophospholipid Receptor Membrane Preparation (Catalog # HTS0078M); and

viii.  GPCRProfiler Services which screens compounds on receptors including the S1P2 receptor.

RESPONSE:      The defendant, Millipore, admits that at least at some point in time it has manufactured, used, offered for sale, sold, and/or distributed products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") or parts thereof, including products and services alleged in (i) through (viii) of Paragraph 25 of the Amended Complaint. Millipore denies the remainder of the allegations, including the allegations that these products and services infringe claims of the '443 and '414 patents.

26.    The defendants' infringement, contributory infringement and inducement to infringe have injured and will continue to injure PSN unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, offer for sale, sale and/or distribution of products and/or processes that fall within the scope of PSN's Patents.

RESPONSE:      The defendant, Millipore, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 to the extent the allegations are directed to parties other than Millipore, and thereby denies same. To the extent the allegations of Paragraph 26 are directed to Millipore, Millipore denies the allegations.

**SECOND DEFENSE**

The '443 patent is invalid for failure to comply with the patent laws, including, but not limited to 35 U.S.C. §§ 102, 103 and 112.

**THIRD DEFENSE**

The '414 patent is invalid for failure to comply with the patent laws, including, but not limited to 35 U.S.C. §§ 102, 103 and 112.

### FOURTH DEFENSE

The '443 patent is unenforceable against Millipore.

### FIFTH DEFENSE

The '414 patent is unenforceable against Millipore.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part based on a lack of standing.

### SEVENTH DEFENSE

The '414 patent is invalid under the judicially created doctrine of double patenting.

### EIGHTH DEFENSE

Millipore does not and has not infringed any claim of the '443 patent.

### NINTH DEFENSE

Millipore does not and has not infringed any claim of the '414 patent.

### TENTH DEFENSE

Each and every claim made by the Plaintiff against Millipore is barred in whole or in part by prosecution history estoppel.

### ELEVENTH DEFENSE

Each and every claim made by the Plaintiff against Millipore is barred in whole or in part by laches.

### TWELFTH DEFENSE

Each and every claim made by the Plaintiff against Millipore is barred in whole or in part by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**

The Amended Complaint fails to join one or more indispensable parties as to the claims alleged against Millipore within the meaning of Fed. R. Civ. P. 19, specifically including the manufacturer(s) and/or seller(s) of any device(s) which might give rise to the allegations relating to the PSN patents.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to compensatory or multiple damages because it is unable to show the willful violation of any statutory or legal right.

**COUNTERCLAIMS**

**NATURE OF COUNTERCLAIM**

Without waiving the foregoing Defenses, Millipore asserts the following counterclaims seeking a declaration of the invalidity or unenforceability of the PSN patents as a matter of law and fact.

**FACTUAL ALLEGATIONS**

1.      Counterplaintiff, Millipore, is a corporation organized and existing under the laws of Massachusetts.  Millipore does business from principal offices at 290 Concord Rd. Billerica, Massachusetts 01821.

2.      Upon information and belief, Counterdefendant, PSN Illinois, LLC ("PSN"), is a legal entity organized under the laws of the State of Illinois, with principal offices in Chicago, Illinois.

3.      PSN alleges in the Amended Complaint that it has standing to sue for infringement of the PSN Patents.

4.     In the Amended Complaint, PSN alleges that Millipore has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka H218 Edg 5/ aka P ("S1P2") that fall within the scope of claims of the PSN Patents.

5.     This Counterclaim arises under the patent laws, Title 35 of the United States Code, and is a claim for declaratory judgment under 28 U.S.C. §2201 and 2202 of patent non-infringement, invalidity, and unenforceability.  This Court has jurisdiction of this Counterclaim under 28 U.S.C. §1331 and 1338(a) and under the patent laws.  As evidenced by the Amended Complaint, an actual and justiciable controversy exists between Millipore and PSN with respect to the non-infringement, invalidity and unenforceability of the PSN Patents, and PSN's alleged right to assert the PSN Patents against Millipore and obtain relief therefrom.  Absent a declaration of non-infringement, invalidity and unenforceability, PSN will continue to wrongfully assert the PSN Patents against Millipore, and thereby cause Millipore irreparable injury in damages.

6.     Venue is proper in this district because by filing its Amended Complaint, PSN has submitted to the venue and jurisdiction of this Court.

### FIRST COUNTERCLAIM

7.     Millipore realleges Paragraphs 1 through 6 above.

8.     The '443 Patent is invalid for failure to meet the requirements of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

### SECOND COUNTERCLAIM

9.     Millipore realleges paragraphs 1 through 6 above.

10.    The '414 Patent is invalid for failure to meet the requirements of patentability of 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD COUNTERCLAIM

11.    Millipore realleges paragraphs 1 through 6 above.

12.    The '414 patent is invalid under the judicially created doctrine of double patenting.

### FOURTH COUNTERCLAIM

13.    Millipore realleges paragraphs 1 through 6 above.

14.    The '443 Patent is unenforceable against Millipore.

### FIFTH COUNTERCLAIM

15.    Millipore realleges paragraphs 1 through 6 above.

16.    The '414 Patent is unenforceable against Millipore.

### SIXTH COUNTERCLAIM

17.    Millipore realleges paragraphs 1 through 6 above.

18.    Millipore does not and has not infringed any claim of the '443 patent.

### SEVENTH COUNTERCLAIM

19.    Millipore realleges paragraphs 1 through 6 above.

20.    Millipore does not and has not infringed any claim of the '414 patent.

### JURY DEMAND

Millipore demands a trial by jury as to all matters and issues triable by jury.

**RESERVATION OF RIGHTS**

Millipore's investigation of the matters herein alleged is ongoing.  Millipore expressly reserves its right, pursuant to Fed. R. Civ. P. 15, to supplement or amend its Answer and Counterclaims upon further investigation.


**PRAYER FOR RELIEF**

By reason of the foregoing, Millipore requests judgment as follows:

1.      Dismissing Plaintiff's Amended Complaint in its entirety.

2.      Declaring that the '443 Patent is invalid.

3.      Declaring that the '414 Patent is invalid.

4.      Declaring that the '443 Patent is unenforceable.

5.      Declaring that the '414 Patent is unenforceable.

6.      Declaring non-infringement by Millipore of any of the claims of the PSN Patents.

7.      Determining that the case is exceptional and awarding Millipore its costs and its litigation expenses, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

8.      Granting such other and further relief as the Court may deem just and equitable.


Respectfully submitted,


Date:   August 27, 2008          s/ Timothy P. Maloney
                                 Timothy P. Maloney
                                 FITCH, EVEN, TABIN & FLANNERY
                                 120 South LaSalle Street, Suite 1600
                                 Chicago, Illinois 60603
                                 Telephone: (312) 577-7000
                                 Facsimile: (312) 577-7007

Susan G. L. Glovsky (*pro hac vice*)
Vivien J. Tannoch-Magin (*pro hac vice*)
HAMILTON, BROOK, SMITH & REYNOLDS, P.C.
530 Virginia Road
Concord, MA 01742
Telephone: (978) 341-0036

**Attorneys for Millipore Corporation**

C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I hereby certify that on August 27, 2008, a copy of the foregoing A<small>NSWER AND</small> C<small>OUNTERCLAIMS</small> <small>OF</small> M<small>ILLIPORE</small> C<small>ORPORATION TO</small> T<small>HE</small> A<small>MENDED</small> C<small>OMPLAINT</small> was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**_Parties receiving service electronically are as follows:_**

Shawn M. Collins - smc@collinslaw.com
Robert L. Dawidiuk - rdawidiuk@collinslaw.com
Attorneys of T<small>HE</small> C<small>OLLINS</small> L<small>AW</small> F<small>IRM</small>
(C<small>OUNSEL FOR</small> P<small>LAINTIFF</small>, PSN I<small>LLINOIS</small>, LLC)

Dana L. Drexler - dana@mazzallc.com
Attorney of M<small>ICHAEL</small> P. M<small>AZZA</small>, LLC
(C<small>OUNSEL FOR</small> P<small>LAINTIFF</small>, PSN I<small>LLINOIS</small>, LLC)

Julie L. Langdon - jlangdon@loeb.com
Jordan A. Sigale - jsigale@loeb.com
Laura A Wytsma - lwytsma@loeb.com
Attorneys of L<small>OEB</small> & L<small>OEB</small> LLP
(C<small>OUNSEL FOR</small> D<small>EFENDANTS</small>, A<small>XXORA</small> L<small>IFE</small> S<small>CIENCES</small>, I<small>NC</small>. & C<small>AYMAN</small> C<small>HEMICAL</small> C<small>O</small>., I<small>NC</small>.)

Susan G. L. Glovsky - susan.glovsky@hbsr.com
Vivien J. Tannoch-Magin - vivien.tannoch@hbsr.com
Attorneys of H<small>AMILTON</small> B<small>ROOK</small> S<small>MITH</small> & R<small>EYNOLDS</small>
(C<small>OUNSEL FOR</small> D<small>EFENDANT</small>, M<small>ILLIPORE</small> C<small>ORPORATION</small>)

Philip D. Segrest - pdsegrest@welshkatz.com
John A. Carnahan - jacarnahan@welshkatz.com
Sherry Rollo - sherry.rollo@huschblackwell.com
Attorneys of W<small>ELSH</small> & K<small>ATZ</small>, L<small>TD</small>.
(C<small>OUNSEL FOR</small> D<small>EFENDANT</small>, T<small>OCRIS</small> B<small>IOSCIENCE</small>)

LaDonna L. Boeckman - llb@crayhuber.com
Attorney of I<small>WAN</small> C<small>RAY</small> H<small>UBER</small> H<small>ORSTMAN</small> & V<small>AN</small>A<small>USDAL</small> LLC
(C<small>OUNSEL FOR</small> D<small>EFENDANT</small>, S<small>IGMA</small>-A<small>LDRICH</small> C<small>ORP</small>.)

Michael Krashin - mkrashin@bannerwitcoff.com
Charles W. Shifley - cshifley@bannerwitcoff.com
Attorneys of B<small>ANNER</small> & W<small>ITCOFF</small>, L<small>TD</small>.
(C<small>OUNSEL FOR</small> D<small>EFENDANT</small>, EMD C<small>HEMICALS</small> I<small>NC</small>.)

Timothy P. Maloney – tpmalo@fitcheven.com
Attorney of F<small>ITCH</small>, E<small>VEN</small>, T<small>ABIN</small> & F<small>LANNERY</small>
(C<small>OUNSEL FOR</small> D<small>EFENDANT</small>, M<small>ILLIPORE</small> C<small>ORPORATION</small>)

**_Parties receiving service via facsimile and first class mail are as follows:_**

Michael P. Mazza
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn,  IL 60137
Telephone: (630) 858-5071
Facsimile: (630) 282-7123
(C<small>OUNSEL FOR</small> P<small>LAINTIFF</small>, PSN I<small>LLINOIS</small>, LLC)

 s/ Timothy P. Maloney           
*Attorney for Millipore Corporation*