IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PSN Illinois, LLC, an Illinois corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Sigma-Aldrich Corp., EMD Chemicals Inc., VWR International LLC, Orbigen, Inc., Axxora Life Sciences, Inc., Cayman Chemical Company, Inc., Origene Technologies, Inc., Superarray Bioscience Corp., Tocris Bioscience, and Millipore Corp.,<br><br>    Defendants. | Civil Action No. 1:08-CV-3742<br><br>Judge Rebecca A. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

## ANSWER OF AXXORA LIFE SCIENCE, INC. TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Axxora Life Sciences, Inc. ("Axxora") answers Plaintiff's Amended Complaint for Patent Infringement ("Complaint") as follows.

1.      Plaintiff, PSN ILLINOIS, LLC ("PSN"), complains of defendants ("Defendants") as follows:

**RESPONSE**:  The subject matter of Paragraph 1 contains no allegations of fact susceptible to admission or denial.  To the extent paragraph 1 is deemed to contain any allegations of fact, Defendant denies the allegations of paragraph 1.

### NATURE OF LAWSUIT

2.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**RESPONSE**: Axxora admits that the Complaint purports to be an action for patent infringement brought under the Patent Laws of the United States, Title 35 of the United States Code, but denies any wrongdoing or liability.

## THE PARTIES

3.  PSN is an Illinois corporation with a place of business at 280 W. Adams Street, Chicago, Illinois 60604.  PSN is the assignee of, and owns all rights, title and interest in and to, and has standing to sue for past, present and future infringement of: United States Patent No. 5,856,443, entitled "Molecular Cloning And Expression of G- Protein Coupled Receptors," issued on Jan. 5, 1999 ("the '443 patent") (Exhibit A); and United States Patent No. 6,518,414 B1, entitled "Molecular Cloning And Expression of G-Protein Coupled Receptors," issued on Feb. 11, 2003 ("the '414 patent") (Exhibit B) (collectively "PSN's Patents").

**RESPONSE**:  Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on that basis, denies those allegations.

4.  Defendant Sigma-Aldrich Corp. (Sigma) is a company incorporated in Delaware with a principal place of business at 3050 Spruce Street, St. Louis, MO 63103. Sigma transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**:  Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies those allegations.

5.  Defendant EMD Chemicals Inc. (aka EMD Biosciences Inc.) (EMD) is a company incorporated in New York with principal places of business at 480 S. Democrat Road, Gibbstown, NJ 08027.  EMD transacts business and has sold to customers and/or

offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies those allegations.

6. Defendant VWR International LLC (VWR) is a company incorporated in Delaware with its principal place of business at 1310 Goshen Parkway, West Chester, PA 193850. VWR transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies those allegations.

7. Defendant, Orbigen, Inc. (Orbigen) is a company incorporated in California with its principal place of business at 6827 Nancy Ridge Drive, San Diego, CA 92121. Orbigen transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies those allegations.

8. Defendant, Axxora Life Sciences, Inc. (Axxora) is a company incorporated in Delaware with its principal place of business at 6181 Cornerstone Court East, Suite 103, San Diego, California 92121. Axxora transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora admits that Axxora Life Sciences, Inc. is incorporated in Delaware with its principal place of business at 6181 Cornerstone Court East, Suite 103, San Diego, CA 92121. Axxora admits that it transacts business in this judicial district. Axxora denies that it has sold to customers and/or offered for sale, in this judicial district, products and services that infringe one or more of the MacLennan Patents.

9. Defendant, Cayman Chemical Company Inc. (Cayman) is a company incorporated in Colorado with its principal place of business at 1180 E. Ellsworth Rd., Ann Arbor, MI 48108. Cayman transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies those allegations.

10. Defendant, Origene Technologies, Inc. (Origene) is a company incorporated in Delaware with its principal place of business at 6 Taft Court, Suite 300, Rockville, MD 20850. Origene transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies those allegations.

11. Defendant, Superarray Bioscience Corporation (Superarray) is a company incorporated in Delaware with its principal place of business at 15 Wormans Mill Court, Suite 101, Frederick MD 21701. Superarray transacts business and has sold to customers and/or

offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies those allegations.

12. Defendant, Tocris Bioscience (Tocris) is a company incorporated in Delaware with its principal place of business at 16144 Westwoods Business Park, Ellisville, MO 63021. Tocris transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies those allegations.

13. Defendant, Millipore Corporation (Millipore) is a company incorporated in Massachusetts with its principal place of business at 290 Concord Rd. Billerica, MA 01821. Millipore transacts business and has sold to customers and/or offered for sale, in this judicial district, products and services that infringe claims of one or more of the MacLennan Patents, as discussed below.

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies those allegations.

**JURISDICTION AND VENUE**

14. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE**: Axxora admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

**RESPONSE**: The allegation in Paragraph 15 is a conclusion of law requiring no response. To the extent a response is required, Axxora denies the allegations in Paragraph 15.

**DEFENDANTS' ALLEGED PATENT INFRINGEMENT**

16.     Defendant Sigma has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following products:

   i.   S1P2 C-Terminal Blocking Peptide (Catalog # E8028);

   ii.  Anti-S1P2, C-Terminal antibody produced in rabbit (Catalog # E7278);

   iii. Monoclonal Anti-S1P2, C-Terminal antibody produced in mouse (Catalog # E4767); and

   iv.  Monoclonal Anti-S1P2, N-Terminal antibody produced in mouse (Catalog # E4892).

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies those allegations.

17.     Defendant EMD has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following: Anti-EDG 5 (Ab-1) Mouse mAb (Catalog # GR44).

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies those allegations.

18. Defendant VWR has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including the following: S1P2 Receptor Antagonist (Catalog # 80017-352).

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies those allegations.

19. Defendant Orbigen has infringed claims of at least the '443 and '414 patents through, among other activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products:

  i. Rabbit Endothelial differentiation sphingolipid G-protein-coupled receptor 5 (EDG5) polyclonal antibody (Catalog # PAB-10630); and

  ii. Chicken Endothelial differentiation sphingolipid G-protein-coupled receptor 5 (EDG5) polyclonal antibody (Catalog # PAB-U0005).

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies those allegations.

20. Defendant Cayman has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$

("S1P2") that fall within the scope of claims of these patents, including the following: JTE-013 (Catalog # 10009458).

**RESPONSE**: Axxora denies that JTE-013 infringes any valid and enforceable claim of the '443 or '414 patent. Axxora lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, denies those allegations.

21.     Defendant Axxora has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and service utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including at least the following product corresponding to Cayman catalog: JTE-013 (Catalog # CAY-1009458).

**RESPONSE**: Axxora denies that it has infringed the claims of at least the '443 and '414 patents through the manufacture, use, offer for sale, sale, and/or distribution of any product or service that fall within the scope of the patents' claims.

22.     Defendant Origene has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products:

    i.  Homo sapiens endothelial differentiation, sphingolipid G-protein coupled receptor, 5 (EDG5) as 10ug transfection ready DNA NM_004230.2 (Catalog # SC 117485);

    ii. HuSH 29mer shRNA Constructs against EDG5 Locus ID = 9294 (Catalog # TR313297);

    iii.    ORF Clone of Homo sapiens endothelial differentiation, sphingolipid G-protein-coupled receptor, 5 (EDG5) as 10 ug transfection ready DNA NM_004230.2 (Catalog # RC210163); and

    iv.    shRNA constructs against Mus musculus Edg5 Locus ID = 14739 (Catalog # TR513284).

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies those allegations.

23.    Defendant Superarray has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka p$^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products:

    i.    Human G-Protein-Coupled Receptor Signaling PathwayFinder™ (Catalog # PAHS-071);

    ii.    RT2 PCR Primer Set for Mouse EDG 5: Endothelial differentiation, sphingolipid G-protein coupled receptor, 5 (Catalog # PPM05309A);

    iii.    Oglio GE Array Human G-Protein-Coupled Receptor Signaling PathwayFinder™ (Catalog # OHS-071 and EHS-071); and

    iv.    SureSilencing shRNA Plasmid for Human EDG5: Endothelial differentiation, sphingolipid G-protein coupled receptor, 5 (Catalog # KHO2350G for the GFP marker or KH02350N for the Neomycin resistance marker).

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies those allegations.

24.     Defendant Tocris has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including at least the following product: S1P receptor antagonist, highly selective for S1P2 (EDG-5) (Catalog # 2392 JTE-013).

**RESPONSE**: Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies those allegations.

25.     Defendant Millipore has infringed claims of at least the '443 and '414 patents through, among activities, the manufacture, use, offer for sale, sale, and/or distribution of products and services utilizing Sphingosine 1-Phosphate Receptor 2/ aka Edg 5/ aka $p^{H218}$ ("S1P2") that fall within the scope of claims of these patents, including these products and services:

  i.   EDG5 AdenoSilence™ RNAi Virus Human (Catalog # GAL 10065-V7);

  ii.  EDG5 AdenoSilence™ RNAi Virus Human (Catalog # GAL 10065-V6);

  iii. EDG5 AdenoSilence™ RNAi Virus Human (Catalog # GAL 10065-V5);

  iv.  EDG5 AdenoSilence™ RNAi Kit Human (Catalog # GAL 10065);

  v.   ChemiSCREENTM S1P2 Calcium-Optimized FLIPR Cell Lines (Catalog # HTS078C);

  vi.  ChemiSCREEN™ Human Recombinant S1P2 Lysophospholipid Receptor Calcium Optimized Ready to Assay™ (Catalog # HTS078F);

  vii. ChemiSCREEN™ Human Recombinant S1P2 Lysophospholipid Receptor Membrane Preparation (Catalog # HTS0078M); and

    viii.    GPCRProfiler Services which screens compounds on receptors including the S1P2 receptor.

**RESPONSE**:  Axxora lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies those allegations.

26.    The defendants' infringement, contributory infringement and inducement to infringe have injured and will continue to injure PSN unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, offer for sale, sale and/or distribution of products and/or processes that fall within the scope of PSN's Patents.

**RESPONSE**:  Axxora denies the allegations in Paragraph 26.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

27.    Axxora denies that Plaintiff are entitled to the relief requested in Paragraphs A through E, or any relief whatsoever, based on the allegations in the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

As for its defenses, Cayman alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

28.    The Complaint fails to state a claim against Axxora upon which any relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Noninfringement)

29.    Axxora has not infringed and does not infringe any valid and enforceable claim of the '443 or '414 patents.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity and/or Unenforceability)

30. Plaintiff's claim for relief and prayer for damages are barred, in whole or in part, because the '443 and '414 patents are invalid and/or unenforceable for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches and/or Doctrine of Waiver)

31. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

32. Axxora has not willfully infringed and is not willfully infringing any valid and enforceable claim of the '443 or '414 patents, thus precluding Plaintiff from recovering trebled damages, attorneys' fees and/or costs under 35 U.S.C. §§ 284 or 285.

WHEREFORE, Axxora asks this Court to enter judgment in its favor and grant the following relief:

A. Dismissing with prejudice the Complaint in its entirety.

B. Denying all remedies and relief sought by Plaintiff in its Complaint.

C. Declaring that Axxora has not infringed, and is not infringing, any valid and enforceable claim of the '443 patent.

D. Declaring that Axxora has not infringed, and is not infringing, any valid and enforceable claim of the '414 patent.

  E. Declaring that one or more claims of the '443 patent are invalid, unenforceable, and void in law.

  F. Declaring that one or more claims of the '414 patent are invalid, unenforceable, and void in law.

  G. Finding this to be an exceptional case and awarding Axxora its costs, attorneys' fees, and expenses incurred herein.

  H. Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Axxora demands trial by jury on all issues triable of right by a jury.

      By */s/ Laura A. Wytsma*
        Jordan A. Sigale
        Laura A. Wytsma (pro hac vice)
        Julie L. Langdon
        LOEB & LOEB LLP
        321 North Clark Street, Suite 2300
        Chicago, Illinois 60610-4746
        Telephone: (312) 464-3100
        Facsimile: (312) 464-3111
        jsigale@loeb.com
        lwytsma@loeb.com
        jlandgon@loeb.com

        Attorneys for Defendant
        Axxora Life Sciences, Inc.

**CERTIFICATE OF SERVICE**

   I, Julie L. Langdon, hereby certify that on September 5, 2008, I electronically filed the foregoing **ANSWER OF AXXORA LIFE SCIENCE, INC. TO PLAINTIFF'S AMENDED COMPLAINT,** with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

        Dana L. Drexler
        MICHAEL P. MAZZA, LLC
        686 Crescent Blvd.
        Glen Ellyn, IL 60137
        Email: **dana@mazzallc.com**

This 5th day of September, 2008.    By:   /s/ Julie L. Langdon
                                           Julie L. Langdon

                                          LOEB & LOEB LLP
                                          321 North Clark, Suite 2300
                                          Chicago, Illinois 60654
                                          (312) 464-3138
                                          (312) 464-3111 (facsimile)
                                          jlangdon@loeb.com